UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRITTANY PEMBELTON
and minor children,

        Plaintiff,

v.                                                                             CASE NO. 3:19-cv-1171-J-20JBT

JOEY DOBSON, former sheriff, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on pro se Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construes as a Motion to Proceed *In Forma Pauperis* ("Motion") (Doc. 2). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** and the case be **DISMISSED without prejudice**.[2]

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] The undersigned is aware that because the incident complained of allegedly occurred on October 14, 2015, Plaintiff may be barred by the statute of limitations in any future lawsuit. (Doc. 1 at 6.)

In its prior Order (Doc. 4), the Court took the Motion under advisement and stated that, even liberally construed, Plaintiff's Complaint (Doc. 1) was deficient in several respects.  It appears that Plaintiff is attempting to state a claim pursuant to 42 U.S.C. § 1983 based on Defendants' alleged violation of the Fourth Amendment.  Specifically, Plaintiff alleged that individuals employed by the Baker County Sheriff's Office entered her home without a warrant and, following a physical struggle, arrested her husband, David Pembelton, Jr.[3]  (*Id.*)  The Court stated that Plaintiff "failed to sufficiently allege a Fourth Amendment violation because she provides no non-conclusory facts regarding Defendants' entry into her home to arrest Mr. Pembelton."  (Doc. 4 at 4–5.)  For example, the Court noted that Plaintiff provided "no facts regarding the circumstances under which law enforcement entered her home" and stated that it appeared that she "purposefully redacted this necessary information from the Baker County Sheriff's Office Offense Report that is attached to the Complaint."  (*Id.* at 3.)

The Court also recognized that "if Defendants were in 'hot pursuit,' i.e., the 'immediate or continuous pursuit of [a suspect] from the scene of a crime,' when they entered the home to arrest Mr. Pembelton, there would be no Fourth Amendment violation.  *See Hazleton v. Trinidad*, 488 F. App'x 349, 350–54 (11th

---

[3] The Court previously took judicial notice of Mr. Pembelton's relevant criminal case, *State v. Pembelton*, Case No. 022015CF000475CFAXMX, in the Eighth Judicial Circuit Court in and for Baker County, Florida.

2

Cir. 2012) (quotations omitted)."[4]  Additionally, the Court went on to state that the allegations of the Complaint, which sought to establish that Defendants' reason for the traffic stop that ultimately led to Mr. Pembelton's arrest was "pretextual," "appear to be irrelevant because 'the constitutional reasonableness of a traffic stop does not depend on an officer's actual motivations.' *See U.S. v. Jackson*, 249 F. App'x 130, 132 (11th Cir. 2007)."  Thus, the Court concluded that "Plaintiff's allegations are insufficient to state any claim for relief." (Doc. 4 at 5.)

However, Plaintiff was given an opportunity to "file an amended complaint in compliance with [the prior] Order" on or before December 6, 2019.  (*Id.* at 6.)  Plaintiff was cautioned that if she "fails to do so, the undersigned will likely recommend that the District Judge deny the Motion and dismiss this action." (*Id.*)  To date, Plaintiff has not filed an amended complaint or taken any other action regarding this case.  For this reason, and the reasons stated in the prior Order, the undersigned recommends that this case be dismissed for Plaintiff's failure to state a claim on which relief may be granted and failure to prosecute.

Accordingly, it is respectfully **RECOMMENDED** that:

1.   The Motion (**Doc. 2**) be **DENIED**.

---

[4] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point.  *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").  Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).

2. The case be **DISMISSED without prejudice**.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on December 19, 2019.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Harvey E. Schlesinger
Senior United States District Judge

Pro Se Plaintiff